# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 5, 2000

**MIRACK R. SMITH v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-16716     Carolyn Wade Blackett, Judge**

---

**No. W1999-01566-CCA-R3-PC - Filed February 9, 2001**

---

JOE G. RILEY, J., concurring.

I write separately to express my concern about the undue delay in the disposition of this petition for post-conviction relief in the trial court. Petitioner pled guilty on November 6, 1995, and timely filed his petition for post-conviction relief on April 15, 1996. The state responded on April 25, 1996. The record does not contain a preliminary order as required by Tenn. Code Ann. § 40-30-207(a), although the trial court appointed counsel for the petitioner on May 21, 1996. An amended petition was not filed by counsel until August 13, 1996. *See* Tenn. Code Ann. § 40-30-207(b)(2). An evidentiary hearing was not conducted until April 10, 1997, in violation of Tenn. Code Ann. § 40-30-209(a). At the conclusion of the evidentiary hearing on that date, the matter was "taken under advisement until May 21, 1997." There is no order or transcript reflecting any action on May 21, 1997. Nothing further appears in the record until November 22, 1999, at which time the trial court's written findings and conclusions were filed. Thus, the case was not concluded until over three years and seven months from the filing of the petition and over two years and seven months after the evidentiary hearing.

The Post-Conviction Procedure Act of 1995 sets forth various time requirements that must be met by the defendant, the state and the trial court. The Tennessee Supreme Court has likewise imposed various time requirements that must be met in post-conviction cases. *See* Tenn. Sup. Ct. R. 28 (effective October 28, 1996). It is apparent that these time requirements were imposed to insure the prompt hearing and disposition of petitions. The ultimate responsibility is upon the trial and appellate courts to "dispose of all judicial matters promptly, efficiently and fairly." Tenn. Sup. Ct. R. 10, Canon 3B(8). Tenn. Code Ann. § 40-30-211(d) and Tenn. Sup. Ct. R. 28 § 9(A) require that the trial court rule within sixty (60) days from the conclusion of the proof; the deadline may be

extended only by court order based upon manifest necessity; and such extension may not exceed thirty (30) days.[1]

In spite of the delay, I agree with the excellent opinion by Judge Williams. Petitioner is not entitled to relief on the merits of his petition.

_____
JOE G. RILEY, JUDGE

---

[1]Petitioner's counsel did indicate at the April 10, 1997, hearing that he was seeking further expert services at state expense. The record reveals an agreement to hear the request on May 21, 1997; however, nothing further appears in the record regarding the request.